# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In Re:* **A.C., O.C., and D.C.**

**No. 12-0916** (Berkeley County 10-JA-56, 57 & 58)

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel William Prentice Young, from the Circuit Court of Berkeley County which terminated her parental rights by order entered on July 5, 2012. The guardian ad litem for the children, Anne B. Prentice, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR initiated this case when it filed its first petition in August of 2010 and the amended petition in November of 2010. Both petitions contained allegations of sexual abuse against child O.C., physical abuse against O.C. and A.C., and domestic violence between the parents in the children's presence. After about one year into the proceedings, the parents admitted to their failure to protect the children by engaging in domestic violence in the children's presence. Petitioner Mother admitted that, as a battered spouse, she failed to protect the children from abuse and from their exposure to domestic violence. Also around this time, the DHHR notified the parties that it would no longer pursue the sexual abuse allegations. Dispositional hearings began in September of 2011 and, in July of 2012, the circuit court entered its order terminating both parents' parental rights without an improvement period. Petitioner Mother appeals this order.

Petitioner Mother first argues that the circuit court erred in denying her motion for supervised visitation because compelling evidence did not show that visitation would not be in the children's best interests. In response, the children's guardian ad litem and the DHHR argue that the evidence showed that visitation and contact between parents and children would not be in the children's best interests. For a large duration of the case, the parents continued to deny any domestic violence issues in the home. Without acknowledging that such issues existed, services and aid were unable to be offered during that time. Both raise that Rule 15 of the Rules of Procedure for Child Abuse and Neglect Proceedings provide the circuit court with authority to determine visitation during an abuse and neglect case.

Next, Petitioner Mother argues that the circuit court erred in finding that the DHHR had made reasonable efforts to promote permanency. She asserts that no reasonable efforts were

1

made when the DHHR was acting in bad faith concerning the petition's sexual abuse allegations. In response, the children's guardian ad litem and the DHHR contend that although Petitioner Mother participated in counseling and adult life skills classes, she failed to make improvement throughout the case. They further assert that, regardless of the DHHR's decision to no longer investigate the sexual abuse allegations, Petitioner Mother failed to show how she would protect her children in the future from domestic violence and physical abuse.

Third, Petitioner Mother argues that the circuit court erred in denying her an improvement period and in finding that there was no reasonable likelihood that conditions could be substantially corrected in the near future. In support, Petitioner Mother asserts that the circuit court erred in basing this decision on (1) her lack of response when she was asked if she would be willing to leave the children's father in order to protect the children, (2) the father's opinion that the DHHR took custody of the children as "a mistake [] they have made," (3) the DHHR worker's testimony that the parents did not acknowledge the reasons for Child Protective Services ("CPS") involvement, and (4) the parents' assertion that there was no point in working towards correcting issues of the home until the DHHR decided not to pursue the sexual abuse allegations. The children's guardian ad litem and the DHHR respond and argue that the circuit court had the discretion to deny Petitioner Mother an improvement period after she failed to meet her burden for one pursuant to West Virginia Code § 49-6-12.

Lastly, Petitioner Mother argues that the circuit court erred when it found that the termination was proper because the children had remained in foster care for more than fifteen of the last twenty-two months as a result of the parents' inaction. In response, the children's guardian ad litem and the DHHR contend that termination sought under this statute was not in error. Even two years after the case was initiated, the parents did not fully admit to their issues and any further extension of time to establish permanency cannot be afforded to the children.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). We are also mindful that under West Virginia Code § 49-6-12, the subject parent bears the burden of proving by clear and convincing evidence that he or she would substantially comply with an improvement period.

Under the same statute, the circuit court has the discretion to grant or deny such a motion for an improvement period. Pursuant to Rule 15 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, determining visitation is within the circuit court's authority. In cases of abuse and neglect, we reiterate that the children's welfare acts as "the polar star by which the discretion of the court will be guided." *In Re: Clifford K.*, 217 W.Va. 625, 634, 619 S.E.2d 138, 147 (2005) (quoting Syl. Pt. 2, *State ex rel. Lipscomb v. Joplin*, 131 W.Va. 302, 47 S.E.2d 221 (1948)).

Upon our review, the Court finds no error in the circuit court's denial of an improvement period, its termination of Petitioner Mother's parental rights, or in its navigation of the proceedings below. We find that the delays in this case did not substantially frustrate the overall proceedings to warrant reversing termination. *See In re Edward B.*, 210 W.Va. 621, 634, 558 S.E.2d 620, 633 (2001). The Court finds that the circuit court was presented with sufficient evidence upon which it based findings that Petitioner Mother would not substantially comply with an improvement period and to, accordingly, deny her motion for an improvement period. The Court also finds that the circuit court was presented with sufficient evidence upon which it based its findings that there was no reasonable likelihood to believe that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings. West Virginia Code § 49-6-5b(a)(1) does not nullify a circuit court's duty to terminate parental rights under West Virginia Code § 49-6-5(a)(6) and, accordingly, we find no abuse of discretion or error by the circuit court concerning Petitioner Mother's argument in that regard.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject children.

Affirmed.

**ISSUED:** March 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum